UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gregory Hillesheim,

                        Plaintiff,

        vs.

Wells Fargo Bank, N.A.,

                        Defendant.

COURT FILE: 0:20-CV-533 WMW/HB

**RULE 26(f) REPORT**

---

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 26, 2020, and prepared the following report.

The pretrial conference in this matter is scheduled for April 3, 2020, at 1:30 p.m., before United States Magistrate Judge Hildy Bowbeer in Courtroom 6B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

## DESCRIPTION OF CASE

1.    Concise Factual Summary of Plaintiff's Claims;

    **Plaintiff was a Home Mortgage Consultant ("HMC") with Wells Fargo Bank, N.A., where he frequently was in the top ten percent of HMC producers. After a heart attack, Plaintiff suffered various impairments which forced him to cut his hours, and thus his production. He was subsequently terminated. Plaintiff believes he was terminated due to his disability, his age, and as retaliation for decreased production.**

2.    Concise Factual Summary of Defendant's claims/defenses;

    **Plaintiff worked for Defendant Wells Fargo Bank, N.A. ("Wells Fargo") from 2003 until his employment was terminated on March 25, 2019 for falsifying entries in Wells Fargo's CORE system. Wells Fargo denies that it discriminated against Plaintiff in any way. Wells Fargo denies the material allegations of Plaintiff's Amended Complaint and incorporates herein by reference its complete Answer and Affirmative Defenses, as though specifically stated in this document.**

3.    Statement of Jurisdiction (including statutory citations);

**Wells Fargo removed this matter from Ramsey County District Court. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.**

4.      Summary of Factual Stipulations or Agreements;

**None.**

5.      Statement of whether jury trial has been timely demanded by any party;

**Plaintiff has timely demanded a jury trial.**

6.      Statement of whether all process has been served;

**All pleadings have been served and filed in this matter. Currently neither party plans to amend its pleadings nor add additional parties to this action.**

7.      If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

**Wells Fargo is not presently aware of any insurance policy that in any reasonable likelihood would provide coverage for some or all of Plaintiff's claims.**

8.      If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**The parties <u>do not</u> agree to resolve this matter under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota.**

## CLASS CERTIFICATION MOTION (*if applicable*)

1.      Plaintiff(s) shall file their motion for class certification on or before  N/A .

2.      Defendant(s) shall file papers in opposition on or before  N/A .

3.      Plaintiff(s') reply shall be filed on or before  N/A .

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan, and refers the parties to the Sedona Conference Cooperation Proclamation (2008) (copy attached).

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before   April 24, 2020  . If the parties plan to disclose documents by describing them by category and location, they will exchange copies of the documents themselves on or before   June 1, 2020  .

2. Fact discovery procedures must be commenced in time to be completed on or before   December 1, 2020  . The parties have discussed whether an interim date for the substantial completion of document production should be set to facilitate the scheduling and taking of depositions. If so, document production should be substantially complete by   December 1, 2021  .

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

a)      No more than a total of __30__ interrogatories, counted in accordance with Rule 33(a), shall be served by each party/side.[1]

b)      No more than __50__ document requests shall be served by each party/side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B) as amended effective December 1, 2015.

c)      No more than __50__ requests for admissions shall be served by each party/side.

5.      No more than __1__ Rule 35 Medical Examinations shall be taken by Defendant(s) and completed by _December 1, 2020_.

6.      No more than __ fact depositions, including Rule 30(b)(6) depositions, shall be taken by each party/side.

**Defendant--5**
**Plaintiff--10**

7.      Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: _None_.

8.      The parties have agreed upon the following additional limitations on discovery procedures: _None_.

9.      Other discovery issues.

a)      Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R.

---

[1]     The parties must discuss and include in this section whether the proposed limitations should be "per side" or "per party", along with definitions of those terms if needed, and whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:  **Electronically stored information will be produced as unitized record-by-record PDFs, with separate record-by-record extracted-text text files, and metadata fields as specified in the parties' discovery requests (where available and reasonably accessible).**

*NOTE:  If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference.  The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences:  A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation.   The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.*

b)   Claims of Privilege or Work Product Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502.   As a result of those discussions, the parties:

   i)   **<u>Do not</u>** request the Court to include the following agreement in the scheduling order:

   The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material.  Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

   ii)   **<u>Do not</u>** request the Court to include the following agreement(s) in the scheduling order:

   Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or

other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

Privilege logs must be provided by the producing party [on or before _____] *OR* [within _____ days of the production from which documents were withheld].

If the parties have not agreed to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:  None at this time; the parties will jointly submit a proposed Protective Order.

## **EXPERT DISCOVERY**

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1.      The plaintiff(s) anticipate(s) calling 1 (number) of experts in the fields of: damages/economics.

2.      The defendant(s) anticipate(s) calling 1 (number) of experts in the fields of: damages/economics.

3.2.    Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

a)      Identities by Plaintiff[2] on or before October 1, 2020.
        Disclosures by Plaintiff on or before October 1, 2020.

b)      Identities by Defendant on or before December 1, 2020.
        Disclosures by Defendant on or before December 1, 2020.

c)      Rebuttal identities and disclosures on or before  January 1, 2021.

---

[2]      The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines by the party who bears the burden of proof on an issue rather than by plaintiff or defendant.

3.      Expert discovery, including depositions, shall be completed by <u>February 1, 2021</u>.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.      Except as provided in paragraph 2 below, any motion that seeks to amend the pleadings or to add parties must be filed and served on or before <u>May 25, 2020</u>.

2.      (If applicable) Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before <u>May 25, 2020</u>.

3.      Except as provided in paragraph 4 below, all other non-dispositive motions, including those that relate to fact discovery, must be filed and served on or before <u>January 30, 2021</u>.  [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4.      All non-dispositive motions that relate to expert discovery must be filed and served on or before <u>April 1, 2021</u>. [NOTE:  Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

5.      The parties **do** propose that a party be required to request an informal telephone conference with the Court *before* filing any formal discovery motion.

## PROTECTIVE ORDER

The parties **do intend to submit a proposed Protective Order.**

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**PLEASE NOTE:**  The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).  No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential

documents to the parties after the conclusion of the case. The parties are further directed to Magistrate Judge Bowbeer's Practice Pointers and Preferences with regard to this topic (copy attached). The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

## DISPOSITIVE MOTION DEADLINES

1.  The parties **do not** believe that expert discovery must be completed before dispositive motions are filed.

2.  The parties **do not** believe that early dispositive motions (i.e, before the completion of all fact and expert discovery) on one or more issues could be of material assistance in resolving the case. If so, describe: <u>Not at this time</u>.

3.  The parties recommend that all dispositive motions (including *Daubert* motions) be filed and served (and heard, depending on District Judge assigned) on or before <u>April 1, 2021</u>.

## SETTLEMENT

1.  The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

    The results of that discussion, including any proposals or recommendations, are as follows: <u>The parties would be interested in having a settlement conference with the Court after some fact discovery has been completed.</u>

2.  Each party must email to Magistrate Judge Bowbeer's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth any additional, confidential information about the party's interest in settlement or possible settlement proposals that may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts. **PLEASE NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bowbeer for ruling.

3.      The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.)   Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The parties agree that this case will be ready for trial on <u>July 1, 2021</u>. The anticipated length of the (**jury**) trial is <u>3-5</u> days.

Date:  March 27, 2020                                    *s/Patrick V. Johnson*
_____
Patrick V. Johnson (#51500)
Speeter & Johnson
120 South Sixth Street, Suite 1515
Minneapolis, MN 55402
Telephone: 952.922.7700
speeterjohnson@hotmail.com

George E. Warner, Jr. (#0222719)
Warner Law, LLC
120 South Sixth Street, Suite 1515
Minneapolis, MN 55402
Telephone: 952.922.7700
george@warnerlawmn.com

**ATTORNEYS FOR PLAINTIFF**

Date:  March 27, 2020

*s/Katherine L. Nyquist*

Holly M. Robbins (#0260381)
hrobbins@littler.com
Katherine L. Nyquist (#0398486)
knyquist@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

4850-2119-8518.2 091367.1041