UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gregory Hillesheim, | Case No. 20-cv-0533 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

---

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s (Wells Fargo) motion for summary judgment. (Dkt. 24.) For the reasons addressed below, the Court grants Wells Fargo's motion.

## BACKGROUND

Plaintiff Gregory Hillesheim is a 64-year-old resident of Minnesota and a former Wells Fargo employee. Wells Fargo is a national banking association that is a citizen of South Dakota.

Hillesheim began working for Wells Fargo in 2003 as a home mortgage consultant. On March 20, 2015, Hillesheim suffered a heart attack while at work. Hillesheim recovered quickly from his heart attack. He spent a weekend in the hospital and returned to work three days after the incident. Hillesheim testified at his deposition that he does not consider himself disabled and he never requested a disability accommodation.

In the last few years of Hillesheim's employment, he worked at Wells Fargo's financial center in Eagan, Minnesota. In the summer of 2018, a customer came to

Hillesheim seeking help obtaining a mortgage. Hillesheim entered the customer's financial information into Wells Fargo's online mortgage software, known as CORE (Common Opportunities, Results, Experiences). Based on the customer's financial information, the CORE software determined that the customer did not qualify for a PriorityBuyer Letter.[1] Hillesheim subsequently submitted a fabricated $50,000 dollar account into CORE to determine whether that would result in approval of the customer for a PriorityBuyer Letter. Wells Fargo terminated Hillesheim's employment on March 25, 2019, for submitting false information into CORE. After Wells Fargo terminated Hillesheim's employment, some of Hillesheim's business was transferred to another home mortgage consultant, Jan Struss, who is five years younger than Hillesheim.

Hillesheim commenced this action against Wells Fargo, alleging that Wells Fargo engaged in unlawful discrimination when it terminated his employment. Hillesheim contends that Wells Fargo used Hillesheim's alleged misconduct as a pretext for terminating his employment due to his age or his disability. The amended complaint alleges two causes of action. Hillesheim's first cause of action alleges disability discrimination in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01 *et seq.* Hillesheim's second cause of action alleges age discrimination in violation of the MHRA, Minn. Stat. §§ 363A.01 *et seq.* Wells Fargo now moves for summary judgment as to both of Hillesheim's causes of action.

---

[1]   A PriorityBuyer Letter provides an estimate of the mortgage loan amount for which the customer may qualify and helps the customer determine the price range of homes to consider for purchase.

# ANALYSIS

Summary judgment is proper when the record before the district court establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, a district court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). When asserting that a fact is genuinely disputed, the nonmoving party must "submit affidavits, depositions, answers to interrogatories, or admissions on file and designate specific facts" in support of that assertion. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 831–32 (8th Cir. 2008); *see also* Fed. R. Civ. P. 56(c)(1)(A). A nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted).

## I. Disability Discrimination

Wells Fargo contends that Hillesheim cannot establish a prima facie case of disability discrimination because Hillesheim is not disabled. Hillesheim contends that he is disabled under the terms of the Minnesota Human Rights Act (MHRA).

A plaintiff must establish a disability-discrimination claim through either direct evidence or indirect evidence. Courts evaluate claims brought under the MHRA using the burden-shifting formula established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Burchett v. Target Corp.*, 340 F.3d 510, 516–17 (8th Cir. 2003). Under the *McDonnell Douglas* formula, a plaintiff must first establish a prima facie case of disability discrimination by demonstrating that (1) the plaintiff has a disability within the meaning of the MHRA (or that the employer thinks the plaintiff is disabled); (2) the plaintiff is qualified to perform the essential functions of the plaintiff's job, with or without reasonable accommodation; and (3) the plaintiff has suffered an adverse employment action as a result of the plaintiff's disability or perceived disability. *Burchett*, 340 F.3d at 516. If a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 516–17. "If the employer meets this burden, the plaintiff then bears the burden of demonstrating that the employer's stated reason is pretextual for discrimination." *Wilking v. County of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998). "At all times, the plaintiff bears the ultimate burden of demonstrating that discrimination was the real reason for the employer's actions." *Id.*

The MHRA defines a disability as "any condition or characteristic that renders a person a disabled person." Minn. Stat. § 363A.03, subdiv. 12. A disabled person is "any person who (1) has a physical, sensory, or mental impairment which materially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as

4

having such an impairment." *Id.* Only the first definition of a disabled person is at issue here because Hillesheim neither cites nor addresses the second or third MHRA definitions.

Hillesheim's disability claim relies on his contention that his 2015 heart attack caused him to be disabled. But Hillesheim testified at his deposition that his heart attack did not affect his ability to perform his work. Hillesheim also testified that his heart attack did not affect his ability to perform any major life activities. He testified that he never requested an accommodation of any sort and that he does not consider himself to be disabled. Hillesheim does not argue, nor is there any medical evidence or other evidence in the record demonstrating that he has an impairment that materially limits any major life activity. Thus, no reasonable jury could find that Hillesheim "has a physical, sensory, or mental impairment which materially limits one or more major life activities." Minn. Stat. § 363A.03, subdiv. 12. Because Hillesheim has not provided any evidence that he is disabled, the Court must conclude that there is no dispute as to Hillesheim's lack of a disability.

Moreover, courts have concluded that a one-time health incident resulting in temporary incapacitation, such as Hillesheim's heart attack, does not establish that a person is disabled under the MHRA. *See Liljedahl v. Ryder Student Transp. Servs., Inc.*, 341 F.3d 836, 841 (8th Cir. 2003) (concluding that a successful cancer surgery with a short recovery period does not qualify as a disability under the MHRA); *see also Bigalke v. Minn. Dep't of Veterans Affs.*, No. 10-212 (JNE/RLE), 2010 WL 3702597, at *10 (D. Minn. Aug. 10, 2010) (concluding that the plaintiff failed to demonstrate that he was disabled under the

Americans with Disabilities Act because the alleged disability was a knee injury from which the plaintiff fully recovered after surgery), *report and recommendation adopted*, 2010 WL 3702582 (D. Minn. Sept. 13, 2010), *aff'd*, 409 F. App'x 972 (8th Cir. 2011). Similarly, no reasonable jury could find that Hillesheim's 2015 heart attack rendered him disabled under the terms of the MHRA. Hillesheim recovered quickly from the heart attack and did not miss any days of work.

Hillesheim relies on *Hoover v. Norwest Private Mortgage Banking*, 632 N.W.2d 534 (Minn. 2001), to support his contention that he is disabled. In *Hoover*, the plaintiff had fibromyalgia and suffered "severe headaches, sleeplessness, fatigue, pain in her neck, shoulders, back, and hips, and depression-like symptoms." 632 N.W.2d at 539. The plaintiff in *Hoover* stated that her fibromyalgia "materially limited her ability to work" and presented evidence corroborating her disability. *Id.* at 544. Hillesheim, by contrast, has repeatedly asserted that he is not disabled, and there is no evidence that his heart attack materially limits his major life activities. Therefore, *Hoover* is inapposite.

Accordingly, Wells Fargo is entitled to summary judgment as to Hillesheim's disability-discrimination claim.

**II.     Age Discrimination**

Wells Fargo contends that Hillesheim cannot demonstrate a prima facie case of age discrimination because, after his discharge, Hillesheim "was not replaced at all, let alone by a younger [employee]." Hillesheim maintains that he was replaced by Jan Struss, who is five years younger than Hillesheim.

A plaintiff must establish an age-discrimination claim through either direct evidence or indirect evidence, and courts evaluate such claims using the *McDonnell Douglas* burden-shifting formula. *See McDonnell Douglas*, 411 U.S. 802–04; *see also Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1152 (8th Cir. 2007). Under this formula, a plaintiff must first establish a prima facie case of age discrimination by demonstrating that (1) the plaintiff was a member of a protected class, (2) the plaintiff was qualified for the position held, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was replaced by a younger employee. *See Mallon v. U.S. Physical Therapy, Ltd.*, 395 F. Supp. 2d 810, 820 (D. Minn. 2005). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Nash v. Optomec, Inc.*, 185 F. Supp. 3d 1129, 1134 (D. Minn. 2016), *aff'd,* 849 F.3d 780 (8th Cir. 2017). If the employer articulates such a reason, the burden then shifts back to the plaintiff to advance evidence showing that the defendant's proffered explanation is a pretext for age discrimination. *Id.*

There is no dispute that Hillesheim is a member of a protected age class, he was qualified for the position he held, and he was terminated. The parties dispute only the fourth element of Hillesheim's prima facie age-discrimination claim: whether Hillesheim was "replaced" by a younger employee.

An employee is "not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when

7

another person is hired or reassigned to perform the plaintiff's duties." *Naguib v. Trimark Hotel Corp.*, No. 15-CV-3966 (JNE/SER), 2017 WL 598760, at *11 (D. Minn. Feb. 14, 2017) (quoting *Dietrich v. Can. Pac. Ltd.*, 536 N.W.2d 319, 324 (Minn. 1995)), *aff'd,* 903 F.3d 806 (8th Cir. 2018).

Hillesheim asserts that Struss, who is 59 years old, replaced him in violation of the MHRA. Struss worked at Wells Fargo for years before Hillesheim was terminated. Over her career, Struss worked at multiple Wells Fargo branch locations. Before Wells Fargo terminated Hillesheim's employment, Struss was transferred to Wells Fargo's Eagan branch, where Hillesheim worked. Following Hillesheim's termination, Struss took over some of Hillesheim's work. But Struss was an existing Wells Fargo employee performing the same job as Hillesheim at the time of Hillesheim's termination. The record reflects that Hillesheim's work was redistributed, it does not reflect that Struss replaced Hillesheim. Thus, a reasonable jury could not conclude that Struss replaced Hillesheim. *See id.*

Hillesheim argues that he has established a prima facie case of age discrimination, relying on *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). In *O'Connor*, the Supreme Court of the United States recognized that a *substantially younger* replacement can demonstrate age discrimination even if the replacement is above the age of 40 and, thus, within the protected age-discrimination class.[2] But even if Hillesheim had

---

[2] The facts in *O'Connor* are distinguishable. In *O'Connor*, the employee who replaced the plaintiff was 16 years younger than the plaintiff. *O'Connor*, 517 U.S. at 309–10. Here, Struss—who Hillesheim alleges replaced him—was only five years younger than Hillesheim. The small age difference between Hillesheim and his replacement makes age discrimination a less likely basis for Hillesheim's termination.

presented evidence that he was "replaced" by Struss—which he has not—no reasonable jury could find that Hillesheim suffered from age discrimination because Struss is only five years younger than Hillesheim. *See Ramlet*, 507 F.3d at 1154 (observing that a "five-year [age] difference is not sufficient" to establish a prima facie case of age discrimination).

In summary, the record does not demonstrate that Wells Fargo replaced Hillesheim with a substantially younger person. Even when construing the evidence in the light most favorable to Hillesheim and drawing all reasonable inferences in Hillesheim's favor, no genuine dispute of material fact exists "such that a reasonable jury could return a verdict for" Hillesheim. *Anderson*, 477 U.S. at 248; *accord Windstream*, 757 F.3d at 802–03. Accordingly, Wells Fargo is entitled to summary judgment as to Hillesheim's age-discrimination claim.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank, N.A.'s motion for summary judgment, (Dkt. 24), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 14, 2021                                          s/Wilhelmina M. Wright
                                                                   Wilhelmina M. Wright
                                                                   United States District Judge